IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUDY GOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED § § § § Plaintiff, § § § v. § § § METHODIST HEALTH CENTERS § d/b/a HOUSTON METHODIST § WILLOWBROOK HOSPITAL, § Defendant. § | CIVIL ACTION NO.: 4:18-cv-2580 JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Rudy Goff ("Plaintiff") individually and on behalf of all others similarly situated, files this lawsuit as a collective action against Methodist Health Centers d/b/a Houston Methodist Willowbrook Hospital to recover unpaid wages, lost wages, liquidated damages and attorney's fees and in support thereof, would respectfully show the Court as follows:

**I.**
**NATURE OF CLAIMS**

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("the FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages,

1

and other damages owed by Defendant to its current and former employees.

## II.
### JURISDICTION AND VENUE

2. Plaintiff's claims arise under the FLSA. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff transacted business within this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this district. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

## III.
### THE PARTIES

4. Plaintiff, Rudy Goff, is an individual that resides in Harris County, Texas. Plaintiff worked for Defendant as a security representative. In performing his duties for the Defendant, Plaintiff was regularly required to work during designated meal periods, and was not compensated while working during meal periods. Plaintiff brings his federal wage claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

5. Defendant, Methodist Health Centers d/b/a Houston Methodist Hospital is a Domestic Nonprofit Corporation that wholly owns and operates Houston Methodist Willowbrook Hospital in Harris County, Texas. Defendant may be served with process by

serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## IV.
### FACTS

6. At all times relevant to this lawsuit, Defendant, Methodist Health Centers d/b/a Houston Methodist Willowbrook Hospital was, and remains "employer" within the meaning of 29 U.S.C. § 203(d) of Plaintiff and other similarly situated individuals.

7. Plaintiff was employed by Defendant to work as a security representative where his duties included but were not limited to securing the area surrounding the hospital, ensuring the safety of patients, and responding to emergency calls. In performing his duties as an employee of Defendant, Plaintiff, and other similarly situated employees, regularly worked during lunch breaks due to different emergency calls and being understaffed.

8. Additionally, Defendant automatically deducted thirty minutes from each shift worked by Plaintiff for a "meal break" regardless of whether Plaintiff was actually able to take a meal break. Due to the demands of his job, Plaintiff and other similarly situated employees were often unable to take a thirty minute meal break, nonetheless, Defendant deducted thirty minutes from their total hours worked.

9. Plaintiff and other similarly situated employees were often called to respond to different emergency codes, for example code pink signifies that a baby is being abducted or a code blue, which signifies that somebody needs resuscitation. Further, Plaintiff and other similarly situated employees were often called during their meal periods to attend to hostile patients. Plaintiff's meal periods were not a time for Plaintiff to take a break and eat, rather, the meal periods were an additional period of work that Plaintiff and other similarly situated

employees were unpaid.

10. In recognition of its failure to pay its employees for the time worked during meal periods, in 2017, Defendant drafted a memo for its employees stressing the importance of taking their meal periods. After sending the memo, however, things did not change. Plaintiff and other similarly situated employees were constantly called during their meal periods to attend to a problem or code that often resulted in missed meal periods.

11. Defendant has not made a good faith effort to comply with the FLSA. Defendant has knowingly, willfully, and/or with reckless disregard, carried out an illegal pattern or practice regarding payment of wages to Plaintiff.

## V.
### PLAINTIFF'S INDIVIDUAL ALLEGATIONS

12. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

13. Throughout the relevant period, Defendant suffered and/or permitted Plaintiff to work additional time during his meal periods. Plaintiff's tasks included responding to different emergency codes and interacting with hostile patients. Defendant was constantly understaffed, which left no time for security representatives to take a break.

14. Plaintiff was engaged in non-exempt work as described above.

15. Accordingly, consistent with the policies and procedures *set up by Defendant*, Plaintiff performed work for which he was not compensated. Defendant violated the FLSA when it failed to pay Plaintiff for hours worked during his meal period as a non-exempt employee. Because of these violations, Plaintiff has suffered a wage loss.

16. Defendant's violations of the FLSA were committed knowingly, willfully, and/or

4

with reckless disregard to Plaintiff's rights.

17. As a result, Plaintiff did not receive the compensation he was legally entitled to receive. Plaintiff, therefore, is entitled to reimbursement of unpaid wages, and if found to be a knowing, willful, or reckless violation of the FLSA, an additional equal amount as liquidated damages, and reasonable attorney's fees, cost and disbursements incurred in this action pursuant to 29 U.S.C § 216(b).

## VI.
### COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

19. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

20. Plaintiff has actual knowledge that other, similarly situated employees were affected by the same practices and compensation for time worked during meal breaks that were either worked in their entirety or interrupted.

21. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). The class is properly identified as follows:

> All individuals who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were unable to take a meal break but were automatically deducted thirty minutes from their total hours worked.

22. Other employees similarly situated to Plaintiff work, or have worked, for Defendant but were not paid for meal breaks during, which they were not completely relieved of

5

their duties that were interrupted or entirely missed due to work demands, and being short staffed.

23. As a result, Plaintiff and those similarly situated did not receive the compensation they were legally entitled to receive. Plaintiff and those similarly situated are entitled to reimbursement of their unpaid wages, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. §216(b).

## VII.
### JURY DEMAND

24. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury demand and herein submits the jury fee.

## VIII.
### PRAYER

25. For the reasons set forth above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and for the following relief:

    a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

    b. judgment awarding Plaintiff and similarly situated employees all unpaid wages, liquidated damages, and attorneys' fees and costs under the FLSA;

    c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. all such other and further relief to which Plaintiff and similarly-situated employees may show themselves to be justly entitled.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
2603 Augusta Drive, 14th Floor
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF:**

Yanice Colon-Pol
Texas Bar No.: 24104276
Southern District Bar No.: 3136493
2603 August Drive, Suite 1450
Houston, TX 77057
Yanice.Colon@kennardlaw.com
2603 Augusta Drive, 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)